722 So.2d 1264 (1998)
Jessie A. ACKLIN A/K/A Jessie Alford Acklin, Appellant,
v.
STATE of Mississippi, Appellee.
No. 96-KA-01002 COA.
Court of Appeals of Mississippi.
October 13, 1998.
*1265 William F. Travis, Southaven, Attorney for Appellant.
Office of the Attorney General By Dewitt T. Allred, III, Attorney for Appellee.
Before McMILLIN, P.J., COLEMAN AND SOUTHWICK, JJ.
McMILLIN, P.J., for the Court:
¶ 1. Jesse Acklin has appealed his conviction under Section 63-11-30(4) of the Mississippi Code for causing the death of Susan Thompson by operating an automobile in a negligent manner while under the influence of alcohol. Acklin complains (a) that the trial court erred in admitting the results of a laboratory analysis of his blood alcohol level and (b) that the evidence of his intoxication at the time of the accident was insufficient as a matter of law to sustain the conviction. We disagree and affirm his conviction.

I.

Facts
¶ 2. Acklin was driving his vehicle when he was involved in a head-on collision with another vehicle on a public highway in DeSoto County. Susan Thompson, a passenger in the other vehicle, received substantial injuries in the accident and was pronounced dead at the scene. There was evidence that, in the moments before the accident, Acklin's vehicle was swerving back and forth out of the proper lane of travel and into the path of oncoming vehicles. Thompson's husband testified to taking evasive measures to avoid a collision but he was unable to do so. The State contended that it was the erratic path of Acklin's vehicle that caused the accident. Acklin was apparently not seriously injured in the accident, though he did receive a blow to the head. Medical personnel at the scene, as well as investigating officers, testified that they noticed the smell of alcohol coming from Acklin, that he was unsteady on his feet, and that his speech was slurred. A police officer transported Acklin to a local hospital where a blood sample was drawn and sent to the state crime lab for testing. The test results, according to the record, indicated Acklin's blood alcohol content, at the time of extraction of the sample, to be twenty-one one-hundredths percent (.21%), which is more than double the legally-permissible minimum level of any amount less than ten one-hundredths percent (.10%).

II.

The Admissibility of the Blood Test Results
¶ 3. Acklin argues that the trial court erred in refusing to suppress the results of the blood test. He bases his argument entirely on the proposition that the manner in which the test was conducted did not conform explicitly to the provisions of Section 63-11-8 of the Mississippi Code.
¶ 4. That provision of the law, first adopted in 1995, mandates that every driver involved in an accident that results in a death will automatically be tested for the presence of alcohol or drugs in the driver's blood. Miss. Code Ann. § 63-11-8(1) (Supp.1995). In addition to other directions as to how such tests must be administered, the statute required that the test "shall be administered within two (2) hours after such accident, if possible." Id. The statute goes on to provide that "[t]he exact time of the accident, to the extent possible, and the exact time of the test shall be recorded." Id.
*1266 ¶ 5. Acklin, it must be noted, poses no constitutional challenge to the authority of the law enforcement officers to require him to submit to the test mandated by this statute. Instead, he insists that the test results were inadmissible because (a) the evidence indicates that the test was not performed within two hours of the accident, but was, more probably, done some two and a quarter hours to two and a half hours after the wreck, and (b) that the document that accompanied the blood sample to the crime laboratory did not carry the required notation of the time of the accident or the exact time of the blood extraction.
¶ 6. Acklin points to the provisions of subsection (3) of the statute that provides that "[t]he results of a test administered pursuant to this section may be used as evidence in any court ... without the consent of the person so tested." Miss.Code Ann. § 63-11-8(3) (Supp.1995). He argues that, since the test was not administered in conformity with the requirements of the statute, it logically follows that the results cannot be admitted under the authority of subsection (3) of the statute.
¶ 7. We disagree with that proposition. The admissibility of evidence in a criminal proceeding does not depend upon legislative enactment. Rather, the question of whether evidence may be admitted hinges in the first instance on whether the information is relevant to the matter being tried as the concept of relevancy is defined in the Mississippi Rules of Evidence.
"Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence.
M.R.E. 401.
¶ 8. Once the issue of relevancy has been resolved, the rules of evidence state unequivocally that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Mississippi, or by these rules." M.R.E. 402.
¶ 9. In this case, the "fact of consequence" in dispute and on which the blood test bore some measure of relevance was the degree to which Acklin was impaired by the presence of alcohol in his bloodstream at the time of the accident. Absent any indication that, in the intervening time between the accident and the time his blood was drawn, Acklin had ingested additional alcohol, proof that Acklin's blood contained alcohol some two to two and a half hours after the accident would necessarily make it "more probable than it would be without the [test result]" that Acklin was under the influence of alcohol at the time of the accident. M.R.E. 401.
¶ 10. Noticeably absent from the language of Rule 402 concerning the general admissibility of "relevant evidence" is any provision for statutory impediments to admissibility. As we have observed, Rule 402, in considering the exclusion of otherwise-relevant evidence, confines itself to matters of constitutional concern and to those portions of the rules of evidence themselves that require exclusion on various grounds.
¶ 11. Acklin has presented no evidence that would suggest that there is a general scientific concern that blood alcohol content measured more than two hours after an occurrence is unreliable in demonstrating some degree of alcohol impairment at the time of the earlier event. It may be that there is a period of time after which such measurements would not have any particular significance in gauging a person's impairment at an earlier time, but that would be a matter subject to proof in connection with a challenge to the probative value of such evidence and is not a question to be decided by statutory pronouncement.
¶ 12. There is nothing particularly startling in the decision we reach today. Since at least the effective date of the Mississippi Rules of Evidence on January 1, 1986, the Mississippi Supreme Court has made it quite clear that matters regarding the admissibility of evidence in a judicial proceeding are to be decided by judicial rather than legislative pronouncement. Rule 1103 stated that "[a]ll evidentiary rules, whether provided by statute, court decision or court rule, which are inconsistent with the Mississippi Rules of Evidence are hereby repealed." M.R.E. 1103. In the 1989 case of Whitehurst v. *1267 State, the supreme court struck down a legislatively-created "privilege" that purportedly gave a criminal defendant the right to exclude the results of mandatory blood alcohol testing performed while he was unconscious after an accident. Whitehurst v. State, 540 So.2d 1319, 1324 (Miss.1989). The court held that, in the conflict between the statutory privilege and the determination that the evidence was otherwise admissible under the rules of evidence, the statute "must yield to our Rules of Evidence." Id.
¶ 13. Likewise, to the extent that Section 63-11-8 purports to be a rule of evidence governing the admissibility of evidence having probative value in this proceeding, we conclude that the rules of evidence must prevail over the statute's provisions. A demonstration that the statute was not precisely complied with when Acklin's blood was obtained, unaccompanied by proof that the lack of strict compliance had an actual adverse impact on the probative worth of the test results, is not enough to require the evidence to be excluded.

III.

The Sufficiency of the Evidence
¶ 14. Acklin's argument in attacking the sufficiency of the evidence is two-fold. First, he claims that his post-accident symptoms could just as likely have been the result of the blow to the head he received in the wreck as to have been alcohol induced. Secondly, he advances the proposition that, if he had consumed alcohol shortly before the accident, his blood alcohol content could have actually risen in the hours after the accident as his system ingested the chemical, thereby rendering it impossible to gauge his state of impairment at the time of the accident.
¶ 15. While Acklin was certainly free to argue his alternate interpretation of the facts of this case to the jury, we are reminded that the resolution of disputed facts are the special province of the jury. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). In this case, there was evidence from witnesses on the scene that Acklin was exhibiting some of the classic symptoms of alcohol impairment. Some two and a half hours after the accident, his blood alcohol content was shown to be over twice the legal limit. There was also testimony that Acklin was, in the moments prior to the accident, operating his vehicle in a highly dangerous and erratic manner. When all of this proof is considered in the aggregate, this Court has little doubt that it was sufficient evidence upon which reasonable jurors could base a conclusion that Acklin was guilty of the charged offense beyond a reasonable doubt. Having come to that view, this Court sees no basis to interfere with the verdict of the jury in this case.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF CAUSING DEATH OR INJURY TO ANOTHER PERSON WHILE OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR AND SENTENCE OF FIFTEEN YEARS WITH FIVE YEARS SUSPENDED PENDING GOOD BEHAVIOR IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE AND SOUTHWICK, JJ., CONCUR.